IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DONNA F. P.,[1]

      Plaintiff,

v.                                                                                Case No. 1:23-cv-00422-JB-LF

MARTIN O'MALLEY,[2] Commissioner
of the Social Security Administration,

      Defendant.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

THIS MATTER comes before the Court on Defendant Commissioner of Social Security's ("Commissioner") Opposed Motion to Remand for Further Administrative Proceedings Pursuant to Sentence Four of 42 U.S.C. § 405(g) (Doc. 34) filed on April 8, 2024. The Commissioner's motion was fully briefed on May 6, 2024. *See* Docs. 34, 35, 36. Plaintiff Donna P. opposes the motion to remand because she seeks an immediate award of benefits. Doc. 35. United States District Judge James O. Browning referred this case to me "to perform any legal analysis required to recommend to the Court an ultimate disposition of the case." Doc. 8. Having read the briefing and being fully advised in the premises, I find that the Administrative Law Judge ("ALJ") did not apply the correct legal standard and therefore that remand is

---

[1] In the interest of privacy, this opinion uses only the first name and the initial of the last name of the non-governmental party in this case.

[2] On December 20, 2023, Martin O'Malley was sworn in as Commissioner of Social Security. Consequently, Mr. Saul has been "automatically substituted as a party." FED. R. CIV. P. 25(d). Furthermore, because "[l]ater proceedings should be in [his] name," the Court has changed the caption of this case accordingly. *Id.*; *see also* 42 U.S.C. § 405(g) (stating that such an action "survive[s] notwithstanding any change in the person occupying the office of Commissioner of Social Security or any vacancy in such office").

appropriate. I also find that an award of benefits outright is appropriate. Accordingly, I recommend granting the Commissioner's motion (Doc. 34) in part.

## I.     Legal Standard

The decision of whether to award benefits outright is reserved to the district court's sound discretion. *Salazar v. Barnhart*, 468 F.3d 615, 626 (10th Cir. 2006). Considerations relevant to this decision include "the length of time the matter has been pending" and whether "remand for additional fact-finding would serve [any] useful purpose." *Id.* The Commissioner "is not entitled to adjudicate a case *ad infinitum* until [he] correctly applies the proper legal standard and gathers evidence to support [his] conclusion." *Sisco v. U.S. Dep't of Health & Human Servs.*, 10 F.3d 739, 746 (10th Cir. 1993) (internal quotation marks omitted). Age is not the sole dispositive factor, however. For example, the Tenth Circuit has granted benefits outright in some cases lasting longer than five years, *Salazar*, 468 F.3d at 626, and six years, *Huffman v. Astrue*, 290 F. App'x 87, 89–90 (10th Cir. 2008), but has denied a request for an immediate award of benefits and remanded for further proceedings in a case that had been pending "nearly ten years," *Winick v. Colvin*, 674 F. App'x 816, 823 (10th Cir. 2017).

## II.     Background and Procedural History

Plaintiff was born in 1958. AR 617.[3] She has completed some college and job training and has worked as a medical office assistant. AR 230. She filed an application for Disability Insurance Benefits ("DIB") on September 25, 2015, alleging disability since July 1, 2015, due to 1) low back impairment after a spinal fusion surgery and 2) depression. AR 199, 229. New Mexico Disability Determination Services ("DDS") initially found her disabled, AR 77, but on

---

[3] Documents 15-3 through 15-15 constitute the sealed Administrative Record ("AR"). When citing to the record, I cite to the AR's internal pagination in the lower right-hand corner of each page, rather than to the CM/ECF document number and page.

May 23, 2016, the Seattle Disability Quality Branch filed a request for corrective action based on insufficient medical documentation, AR 264.  DDS then performed another analysis on September 22, 2016, which resulted in a finding that Plaintiff was not disabled.  AR 100–01.  Plaintiff then requested a hearing before an ALJ.  AR 133.  On January 30, 2018, ALJ Ann Farris held a hearing.  AR 833.  ALJ Farris issued her unfavorable decision on August 30, 2018.  AR 774.

ALJ Farris found that Plaintiff met the insured status requirements of the Social Security Act through December 31, 2020.  AR 779.  At step one, ALJ Farris found that Plaintiff had not engaged in substantial, gainful activity since July 1, 2015, her alleged onset date.  *Id*.  At step two, ALJ Farris found that Plaintiff's degenerative disc disease and carpal tunnel syndrome were severe impairments.  *Id*.  At step three, ALJ Farris found that none of Plaintiff's impairments, alone or in combination, met or medically equaled a Listing.  AR 781.  Because ALJ Farris found that none of the impairments met a Listing, she assessed Plaintiff's RFC.  *Id*.  She found Plaintiff had the RFC to

> perform light work as defined in 20 CFR 404.1567(b) except for the following limitations.  The claimant can occasionally climb ramps and stairs but never climb ladders, ropes, or scaffolds.  The claimant can occasionally balance and stoop.  The claimant can never kneel, crouch, or crawl.  The claimant can frequently handle and occasionally finger.

*Id*.

At step four, ALJ Farris concluded that Plaintiff was not capable of performing her past relevant work as a medical assistant.  AR 784.  At step five, ALJ Farris found that Plaintiff was able to perform work that existed in sufficient numbers in the national economy, including work as a medical receptionist.  AR 785.  ALJ Farris thus found Plaintiff not disabled at step five.  *Id*.

On October 10, 2018, Plaintiff requested that the Appeals Council review ALJ Farris's unfavorable decision.  AR 197.  On May 17, 2019, the Appeals Council denied the request for

review.  AR 754.  Plaintiff appealed to the United States District Court for the District of New Mexico on June 17, 2019.  AR 761.  During the pendency of that litigation, however, Plaintiff filed another application, which resulted in a finding in September 2019 that Plaintiff was disabled as of August 31, 2018.  AR 771, 801.  In March 2020, the Commissioner moved for remand for further administrative proceedings in the case pending in this Court, which the Court granted on March 6, 2020.  AR 764–67.  The second application, which had been approved, was subject to reopening during the rehearing on the first application if the ALJ found that the conditions for reopening were met.  AR 771.

A new ALJ, Jennifer Fellabaum, presided over the second hearing on January 7, 2021.  AR 701.  She found that the conditions for reopening the second application were met, and she issued an unfavorable decision on February 3, 2021—that is, she denied the initial application which had been remanded from the district court, and she also reopened and denied the second decision which originally had been favorable to Plaintiff.  AR 803, 806–07.  In addition to the severe impairments that ALJ Farris identified, ALJ Fellabaum also identified non-severe impairments of hypertension and depression and a non-medically determinable impairment of knee pain.  AR 809, 811.  She nonetheless found that Plaintiff's combination of impairments did not equal a Listing and that Plaintiff could perform light work with some restrictions.  AR 811–12.  ALJ Fellabaum found that Plaintiff could perform her past relevant work as a medical assistant and therefore was not under a disability between July 1, 2015, and December 31, 2020, her date last insured.  AR 817–18.

Plaintiff filed written exceptions on February 9, 2021, AR 960, and on September 2, 2021, the Appeals Council remanded the case back to ALJ Fellabaum, AR 828–30.  The Appeals Council found several deficiencies in ALJ Fellabaum's analysis and directed her to correct those

4

deficiencies, including a specific requirement that the ALJ evaluate the State Agency opinion from Dr. Werner finding that the claimant's impairments equaled Listing 1.04A. *See id.* ALJ Fellabaum held another hearing—Plaintiff's third hearing before an ALJ—in which she reached the same conclusions regarding severe, non-severe, and non-medically determinable impairments. AR 651–52. She again found that Plaintiff could perform her past relevant work as a medical assistant. AR 663–64.

Plaintiff timely filed her appeal to this Court on May 15, 2023. Doc. 1.[4]

**III.   Analysis**

The Commissioner moves for remand, a result on which the parties agree. Doc. 34 at 3. The only dispute is the remedy: Plaintiff seeks an immediate award of benefits, while the Commissioner argues that additional proceedings are warranted. *Id.* at 3–4.

The two considerations to which the Tenth Circuit directs a district court to look are 1) how long the case has been pending and 2) whether additional factfinding would be of any use. *Salazar*, 468 F.3d at 626. The Commissioner also argues that for an immediate award of benefits, the record must demonstrate that the plaintiff is entitled to benefits, Doc. 34 at 4, despite the Tenth Circuit's clear warning that the Commissioner "is not entitled to adjudicate a case *ad infinitum* until [he] correctly applies the proper legal standard and gathers evidence to support [his] conclusion." *Sisco*, 10 F.3d at 746 (internal quotation marks omitted). Like at least two of my colleagues, I reject the Commissioner's view. *See Samadi v. Kijakazi*, No. 1:21-cv-00314-JFR, 2022 WL 2286834, at *5 (D.N.M. June 24, 2022); *Mendoza-Martinez v. Kijakazi*, No. 1:20-cv-00310-SMV, 2021 WL 5207074, at *9 (D.N.M. Nov. 9, 2021). The Court has

---

[4] A claimant has 60 days to file an appeal. The 60 days begins running five days after the decision is mailed. 20 C.F.R. § 404.981; *see also* AR 645.

5

discretion to remand either for further administrative proceedings or an immediate award of benefits, even if the plaintiff has not established as a matter of law that she is entitled to benefits. *See Ragland v. Shalala*, 992 F.2d 1056, 1060 (10th Cir. 1993).

In determining whether to exercise its discretion to order an immediate award of benefits, the Court first considers the length of time this case has been pending. Here, that time is substantial; Plaintiff originally filed for disability benefits in September of 2015, nearly nine years ago, when she was 57 years old. AR 199. She now is 66. The Tenth Circuit has granted immediate awards of benefits for cases that have been pending five or six years, thus, the history of this case is sufficiently lengthy to justify an award of benefits outright. *See id.; Huffman*, 290 F. App'x at 89–90. Moreover, the Agency found Plaintiff disabled twice, AR 77, 797, only to reverse those determinations on further consideration, AR 100–01, 807, 818. The Commissioner also has twice requested that this Court remand the case for further administrative proceedings, AR 764–67; Doc. 34 at 1, presumably because he recognizes that the ALJ erred in some fashion. This procedural history weighs in favor of an immediate award of benefits.

The Court next considers whether further factfinding would be of any use. The Commissioner argues that 1) the ALJ may have evaluated Plaintiff's impairments under an incorrect Listing, Doc. 34 at 6–7; 2) the record contains conflicting evidence about whether Plaintiff's impairment met or medically equaled a listing on or before December 31, 2020, her date last insured, *id.* at 7; and 3) the record contains conflicting evidence regarding the timing and severity of Plaintiff's symptoms following her back surgery in 2015, *id.* at 7–8. The second and third arguments address conflicting medical evidence of years-old impairments; additional factfinding is unlikely to be beneficial. To determine Plaintiff's ability levels in 2015 and 2020, an ALJ can only make decisions based on the information already available in the record,

however conflicting it may be. New information about Plaintiff's health at that time is unlikely to surface, particularly given the lengthy proceedings already held in this case.

The possibility that the ALJ evaluated Plaintiff's impairments under an incorrect Listing, too, is not dependent on additional factfinding. Rather, it is a legal mistake that the ALJ may have made. The factual record is complete; Plaintiff has testified three times before an ALJ, the administrative record is replete with medical documentation, and no party argues that any facts are missing. That the ALJ may have made an error of law does not mean that the record has holes, and nothing suggests that additional factfinding would benefit this case in a meaningful way. *See Jaramillo v. Colvin*, 184 F. Supp. 3d 1086, 1096 (D.N.M. 2015) (awarding benefits outright when administrative record was complete as to the relevant time period, among other considerations); *Maldonado v. Kijakazi*, No. 1:22-cv-00554-DLM, 2023 WL 4235637, at *4–5 (D.N.M. June 28, 2023) (same). As the parties point out, contradictions do appear in the record, but Plaintiff already has undergone three hearings. I do not recommend requiring her to undergo a fourth hearing on the same facts so that the next ALJ can attempt to comply with the legal standard that should have been implemented from the start.

Here, the record contains ample evidence that the ALJ failed to properly evaluate the opinion of State Agency physician Mark Werner despite an explicit instruction to do so. ALJ Fellabaum assigned little weight to Dr. Werner's opinion, who found that Plaintiff's impairments were equivalent to Listing 1.04A.[5] AR 655. The qualms she voiced with Dr. Werner's opinion, however, do not hold up to scrutiny.

---

[5] The parties agree that the relevant Listing is 1.15, which replaced Listing 1.04 in April 2021. *See* Doc. 25 at 10; Doc. 34 at 6–7.

First, ALJ Fellabaum states that the only evidence supporting Dr. Werner's opinion is an August 2019 consultative medical examination. *Id.* This is not true; Dr. Werner reviewed medical records from July 2015 through the examination conducted in August 2019. *See* AR 796–97. ALJ Fellabaum next discusses Dr. Werner's notes relating to the consultative examination, stating that the notes indicated that "the claimant presented using a walker; however, she was able to rise from the waiting room chair independently, and she had a non-antalgic gait on examination with normal base of support and normal muscle tone." AR 655. The notes themselves tell a more complicated story: in the same paragraph discussing Plaintiff's non-antalgic gait, Dr. Werner notes mobility limitations including an inability to walk on her toes, walk on her heels, or tandem gait, as well as limited dorsiflexion of her right foot and the use of an assistive device. AR 797, *see also id.* at 1609. He also notes that her spine and pelvis were not aligned. *See id.* The fact that certain aspects of Plaintiff's gait were unproblematic does not erase the aspects that appear to severely limit her mobility, and the ALJ's failure to acknowledge them suggests that she has cherry-picked the evidence. *See Staheli v. Commissioner, SSA*, 84 F.4th 901, 907 (10th Cir. 2023) (ALJ may not "cherry pick[]" portions of evidence supporting his decision).

In support of her decision to assign little weight to Dr. Werner's opinion, ALJ Fellabaum also stated that "the claimant was rarely in need of an assistive [mobility] device, and the majority of those instances were shortly after her surgery in 2015." AR 655. She cites to a medical visit in September 2015, two months after the surgery, AR 402; a visit from before the surgery in January 2015, AR 527; a medical visit in August 2016, AR 562–63; an August 2015 visit six weeks after surgery, AR 1409; a July 2015 visit two days after surgery, AR 1455; and her August 2019 visit with a state agency consultant, AR 1607–09. Plaintiff reported using an

8

assistive device at all these visits.  That is, despite ALJ Fellabaum claiming that Plaintiff "rarely" used assistive devices and only or primarily in her immediate recovery from surgery, the very evidence ALJ Fellabaum cites indicates that Plaintiff used assistive devices at each visit, including visits a year after surgery *and* four years after surgery.  In sum, despite explicit instructions to evaluate State Agency physician Mark Werner's opinion that Plaintiff's condition equaled a listing, ALJ Fellabaum failed to properly evaluate that opinion.  Giving the ALJ another chance to conduct a proper evaluation will cause further delay, and the time that has elapsed during the pendency of this case already is excessive.  Accordingly, I recommend remanding to award benefits outright.

## IV.   Conclusion

For the reasons stated above, I find that the ALJ failed to apply the correct legal standards and that remand is appropriate.  I therefore recommend granting the Commissioner's motion (Doc. 34) in part.  I recommend denying it to the extent that the Commissioner opposes an immediate award of benefits; I recommend an award of benefits outright.

**THE PARTIES ARE NOTIFIED THAT WITHIN 14 DAYS OF SERVICE of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1).  Written objections must be both timely and specific.** *United States v. One Parcel of Real Prop., With Buildings, Appurtenances, Improvements, & Contents, Known as: 2121 E. 30th St., Tulsa, Oklahoma*, **73 F.3d 1057, 1060 (10th Cir. 1996).  A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition.  Failure to file timely and specific objections will result in waiver of** *de novo* **review by a district or appellate court.** *Id*.  **In other words, if no objections are filed, no appellate review will be allowed.**

_____
Laura Fashing
United States Magistrate Judge